## State of Vermont v. Alfred Bean

[122 A2d 744]

February Term, 1956.

Present: Jeffords, C. J., Cleary, Adams, Chase and Hulburd, JJ.

Opinion Filed May 1, 1956.

*Ready & Brown* for the respondent.

*William B. Goldsbury*, State's Attorney, for the State.

**Cleary, J.** This is a prosecution for operating a motor vehicle on a public highway while under the influence of intoxicating liquor. Trial was by jury with verdict and judgment of guilty and sentence thereon. The case is here on the respondent's exceptions. He now relies only on two of them.

During direct examination a State witness used a paper, marked for identification State's No. 1, as a means of refreshing his recollection. The respondent's counsel ex-

cepted to the refusal of the trial court to allow him to ask the witness questions about State's No. 1 before the witness further testified. The respondent claims it is the well settled rule that the opposing party has the right, on proper demand, to inspect and use, for purposes of cross-examination, any paper or memorandum used by a witness on the stand for the purpose of refreshing his memory upon the matter as to which he is testifying, and which in fact does tend to refresh his memory. He cites *State* v. *Bacon*, 41 Vt 526, 530-531. This is the rule. But the complaining party does not necessarily have the right to interrupt the other party's examination of the witness to inspect the memorandum and to cross-examine the witness regarding it before the witness gives his testimony in chief, as the respondent's counsel sought to do in this case. It is enough if the right of inspection is granted in aid of cross-examination. The matter rests within the discretion of the trial court. *State* v. *Gadwood*, 342 Mo. 466, 482, 116 SW2d 42; *Commonealth* v. *Burke*, 114 Mass 261, 262-263. In the present case State's No. 1 was never offered or received as an exhibit. The respondent's counsel admitted in argument before us that, after the witness had completed his direct testimony, respondent's counsel, with the memorandum in his hand, cross-examined the witness concerning part of its contents. So the respondent's rights were fully protected and he takes nothing by his exception.

The respondent's other exception is to that portion of the court's charge dealing with the respondent as a witness. The court charged as follows: "The respondent, Mr. Bean, has taken the stand and testified. The statute makes him a competent witness, at his request, in his own behalf. The credit to be given the respondent's testimony rests solely with you, and you are to consider it in view of his interest in the result of this trial, and give it the weight to which you think it is fairly entitled. It is obvious from the statute that if a respondent goes upon the stand, it is because he desires and intends that his evidence shall make in his favor, shall tend to shield him from the consequences of the charge that is made against him. This develops exactly the interest that he has. He has the utmost interest that a party can have. He has all

the interest that can originate and be inspired by the peril in which he is, and by the charge that is made against him when he is brought to trial; all the interest that a party can have in not being convicted of the crime with which he is charged."

The exception is in these words, "Now comes the respondent and excepts to that portion of the charge delivered by the court which commences, in substance, as follows: 'The respondent has taken the stand and testified in this case. The statute makes him a competent witness so to do.' and continuing on down through the words 'this develops the interest that he has' and so on, throughout that portion of the charge dealing with the interest of the respondent in taking the stand. This exception is based on the ground that this charge is prejudicial to the respondent, and has the effect of telling the jury that they may more readily disbelieve the respondent than any other witness."

V. S. 47, §2412 provides that in criminal cases "the person so charged shall at his own request and not otherwise, be deemed a competent witness. The credit to be given to his testimony shall be left solely to the jury, under the instructions of the court." It was the duty of the trial court under this statute to call to the jury's attention such considerations as would naturally affect the credibility of the respondent's testimony. *State* v. *Stacy*, 104 Vt 379, 410, 160 A 257, 747. The charge as given has been the standard one in cases such as this since it was expressly approved in *State* v. *Daley*, 53 Vt 442, 446, and more recently in *State* v. *Stacy*, 104 Vt 379, 409, 160 A 257, 747.

Moreover the exception covers all that the court charged respecting the respondent taking the stand and respecting his testimony. A general exception to a charge on a particular subject is bad if any part of the charge covered by it is without fault. *State* v. *Sargood*, 77 Vt 80, 91, 58 A 971; *Needham* v. *B & M R. R.*, 82 Vt 518, 522-523, 74 A 226; *State* v. *Averill*, 85 Vt 115, 126, 81 A 461; *Usher* v. *Severance*, 86 Vt 523, 529, 86 A 741; *State* v. *Shaw*, 89 Vt 121, 131, 94 A 434; *In Re Clogston's Estate*, 93 Vt 46, 56, 106 A 594; *In Re Healy's*

*Will*, 94 Vt 128, 134, 109 A 19.   The respondent cannot justly claim that all that part of the charge we have quoted supra was prejudicial to him or that it has the effect of telling the jury that they might more readily disbelieve the respondent than any other witness.   For all of the reasons we have stated supra the exception is not sustained.

The respondent claims that the instruction now given by our trial courts regarding the credibility of the respondent's testimony gives the State an advantage.   We are inclined to agree and suggest that in future trials the part of the charge which we have quoted referring to the respondent beginning with "It is obvious" might well be omitted.

*The respondent's exceptions are overruled and the judgment is affirmed.   Let execution be done.*